United States Court of Appeals,

Fifth Circuit.

Nos. 92-1666, 93-1343.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Capital National Bank, Plaintiff-Appellant,

and

Charles W. Sartain, individually and as attorney for the Federal Deposit Insurance Corporation, etc., Appellant,

v.

William C. CONNER, et al., Defendants,

Charles Hillard, et al., Defendants-Appellees.

May 25, 1994.

Appeals from the United States District Court for the Northern District of Texas.

Before GOLDBERG, DAVIS, and DeMOSS, Circuit Judges.

GOLDBERG, Circuit Judge:

The Federal Deposit Insurance Corporation ("FDIC") filed this suit against seven former directors of Capital National Bank of Fort Worth ("Capital"), alleging that, in their management of the bank, the defendants were negligent, breached their fiduciary duties, and violated express and implied agreements that they had with the institution. In these consolidated appeals, we are called upon to review several of the district court's orders: the dismissal of the FDIC's claims against five of the seven defendants as a sanction for violating a discovery order, two monetary sanctions levied personally against one of the FDIC's attorneys (one imposed pursuant to Federal Rule of Civil Procedure 37(b)(2) and the other imposed pursuant to 28 U.S.C. § 1927), and the denial

1

of the FDIC's motion to amend its original complaint.  We reverse the dismissal of the FDIC's claims and the denial of the motion to amend, vacate the sanction imposed on the FDIC's attorney pursuant to 28 U.S.C. § 1927, and affirm the sanction imposed on the FDIC's attorney pursuant to Rule 37(b)(2).

## I. The Discovery Sanctions

### A. Background

On September 15, 1988, the Comptroller of the Currency declared Capital insolvent.  The FDIC was thereafter appointed receiver of the bank.  Almost three years later, on September 13, 1991, the FDIC filed the present suit against seven of the former directors of the failed institution.  The directors named in the original complaint were William C. Conner, Deborah Conner Norris, Charles Hillard, Marshall Robinson, Terrance Ryan, Richard I. Stevens, and Harry H. Whipp.  In its original complaint, the FDIC alleged that the defendants engaged in various "unsafe, unsound, imprudent or unlawful acts and omissions ... with respect to the management, conduct, supervision and direction of the Bank."  These acts and omissions allegedly constituted negligence, breached the defendants's fiduciary duties, violated express and implied agreements that the defendants had with the institution, and caused Capital to wrongfully approve twenty-one specified loans to specified borrowers.  The wrongful approval of these loans allegedly caused the bank to lose in excess of $2.8 million.

On November 12, 1991, five of the defendants—Hillard,

2

Robinson, Ryan, Stevens, and Whipp—filed a joint answer.[1]  On the same day, each of these defendants served on the FDIC a separate set of written interrogatories.  *See* Fed.R.Civ.P. 33.  Except for the name of the person about which information was sought, each set of interrogatories was identical.  Each set tracked the allegations made in the FDIC's complaint and contained forty-five principal questions;  however, many questions had extensive sub-parts.  The FDIC calculates that there were 1,615 questions in all.  On December 16, 1991, the FDIC filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c).  The FDIC claimed that the defendants's interrogatories were oppressive and burdensome and "were filed more to harass and annoy the FDIC than to enable the Defendants to prepare their case for trial."  The defendants who served the interrogatories opposed the FDIC's motion and explained their need for the information sought.

On January 13, 1992, the district court denied the FDIC's motion for a protective order.  The court's order also contained the following language:

> The court further ORDERS that plaintiff shall deliver ... on or before January 30, 1992, full and complete responses to each of defendants' interrogatories.  The court further ORDERS that such responses shall be fully self-contained, that is, they shall not incorporate by reference or merely refer to any other interrogatory response, document or thing, and that such answers shall be verified in the manner contemplated by the Federal Rules of Civil Procedure.  Failure to comply with this order will result in the imposition of sanctions, including, if appropriate, the striking of plaintiff's complaint in this action.

---

[1]Deborah Conner Norris filed her answer on November 22, 1991.  The proceedings regarding the remaining defendant, William C. Conner, are discussed in Part II.

3

Approximately ten days later, the district court granted a motion by the FDIC for an extension of time within which to answer the disputed interrogatories. On February 11, 1992, the date on which the responses to the interrogatories were due, the FDIC served its answers and objections on Hillard, Robinson, Ryan, Stevens, and Whipp. The defendants were unhappy with the FDIC's responses. Thus, on May 14, 1992, they filed a motion for sanctions, alleging that the FDIC failed to comply with the district court's January 13 order. The FDIC opposed this motion and filed a response. Later, on May 29, 1992, the FDIC served on the defendants a set of amended and supplemental interrogatory answers. Still dissatisfied with the FDIC's responses, the defendants continued to press their motion for sanctions. The district court held a hearing on this motion on July 17, 1992.

At the hearing, the district court found that the FDIC's responses to the defendants's interrogatories violated the January 13 discovery order in several respects. First, the court held that the FDIC violated the January 13 order by including in its responses objections to the defendants's interrogatories. Believing that the time for making objections had expired and interpreting the January 13 order to forbid the raising of any objections to the interrogatories, the district court chided the FDIC for including in its responses both general objections to the interrogatories as a whole and specific objections to several individual questions. Second, the court found that the FDIC disregarded the directive of the January 13 order that the

4

interrogatory answers be fully self-contained. Each set of the FDIC's responses to the interrogatories violated this portion of the January 13 order by repeatedly referring to other interrogatory answers and other documents. Finally, the district court concluded that the FDIC disobeyed the portion of the January 13 order that required interrogatory answers to be full and complete because some of the interrogatory answers merely stated general legal conclusions without stating the facts upon which those conclusions were based.

The district court found that the FDIC's violations of the January 13 discovery order were conscious, deliberate, and willful. The court did "not accept as credible or worthy of belief the explanations of forgetfulness and the like given by [FDIC attorney Charles W.] Sartain as excuses for failures to obey the order." The court then considered what sanctions would be appropriate to impose on the FDIC for its violations of the January 13 order. The court found that the FDIC's conduct amounted to bad faith and stated that it had considered alternative sanctions short of dismissal. The court thus invoked its authority under Federal Rule of Civil Procedure 37(b)(2) and dismissed the FDIC's claims against Hillard, Robinson, Ryan, Stevens, and Whipp. Finding that the FDIC's violations of the discovery order were not substantially justified and that there were no other circumstances that would make an award of expenses unjust, the court then ordered Sartain to pay the reasonable expenses, including attorney's fees, that the defendants incurred in their motion for sanctions. The court thus

ordered Sartain to pay Hillard, Robinson, Ryan, Stevens, and Whipp $6,045.00 for the FDIC's failure to comply with the January 13 order. The court required Sartain to pay this sum from his personal funds and forbade him from seeking reimbursement from the FDIC. The court then entered a final judgment as to Hillard, Robinson, Ryan, Stevens, and Whipp, dismissing the FDIC's claims against them.

## B. Discussion

Federal Rule of Civil Procedure 37(b)(2) empowers a district court to impose "just" sanctions on parties who disobey a discovery order. For the violation of a discovery order, a district court can, among other things, order the dismissal of a claim and the payment of the opposing party's expenses, including attorney's fees.[2] Rule 37 also grants a district court considerable, but not

---

[2]The portion of Federal Rule of Civil Procedure 37(b)(2) that is pertinent to this appeal provides as follows:

> If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party;

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

6

unlimited, discretion in fashioning appropriate penalties for those who disobey such an order. *Chilcutt v. United States,* 4 F.3d 1313, 1320 (5th Cir.1993). We thus begin our review of the proceedings below mindful that the question presented to us is not whether we would have imposed the same sanction as the district court; it is whether the district court abused its discretion in imposing that sanction. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *Topalian v. Ehrman,* 3 F.3d 931, 934 (5th Cir.1993). We will discuss the dismissal of the claims against Hillard, Robinson, Ryan, Stevens, and Whipp and the monetary sanction levied against Sartain separately.

### 1. The Dismissal of the FDIC's Claims

Because the law favors the resolution of legal claims on the merits, *In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992), and because dismissal is a severe sanction that implicates due process, *Brinkmann v. Abner,* 813 F.2d 744, 749 (5th Cir.1987), we have previously deemed dismissal with prejudice to be a "draconian remedy" and a "remedy of last resort." *Batson v. Neal Spelce Associates, Inc.,* 765 F.2d 511, 515 (5th Cir.1985). Although the Supreme Court has admonished that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases," *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781, we are also instructed by our precedents that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances."

7

*E.E.O.C. v. General Dynamics Corp.,* 999 F.2d 113, 119 (5th Cir.1993); *see also Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984) ("When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice.") (footnote omitted).

With these considerations in mind, we have articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order. First, we have explained that "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir.1990). Further, we have noted that the violation of the discovery order must be attributable to the client instead of the attorney. *Id.* We have also held that the violating party's misconduct "must substantially prejudice the opposing party." *Id.*[3]

---

[3]The defendants observe that we have written that "[w]hile perhaps relevant to the type of sanction imposed, a party need not always be prejudiced by its opponent's discovery abuses prior to the imposition of sanctions." *Chilcutt,* 4 F.3d at 1324 n. 30. We see no inconsistency between this statement and the statement in *Coane* that to justify dismissal, "the misconduct must substantially prejudice the opposing party." *Coane,* 898 F.2d at 1032. Simply put, while lesser sanctions may be imposed without a showing of prejudice, more severe sanctions are justified only if the opposing party has suffered some palpable prejudice. Since dismissal is one of the harshest sanctions that a district court can impose, we require a showing of substantial prejudice before such a penalty is warranted. In contrast, the sanctions that we have approved without a showing of prejudice have been among the least harsh in the spectrum of available possibilities. In *Chilcutt,* the district court's sanction was to establish certain facts against the government. *See* Fed.R.Civ.P. 37(b)(2)(A). We affirmed the imposition of this penalty although there was no showing that the opposing party had been prejudiced

8

Finally, we have indicated that dismissal is usually improper if a less drastic sanction would substantially achieve the desired deterrent effect. *Id.; see also Brinkmann,* 813 F.2d at 749.

Of course, our review of a district court's sanction for the violation of one of its discovery orders also "necessarily includes a review of the underlying discovery order." *Hastings v. North East Indep. School Dist.,* 615 F.2d 628, 631 (5th Cir.1980). However, our review of the underlying discovery order is deferential: "The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party." *Id.*

Applying these criteria to the case before us, we hold that the district court abused its discretion when it dismissed the FDIC's claims against Hillard, Robinson, Ryan, Stevens, and Whipp for the FDIC's failure to comply with the January 13 discovery order. Even assuming the propriety of all facets of the district court's discovery order, the circumstances of this case do not warrant dismissal as a sanction for the FDIC's conduct.

First, we cannot find a record of delay or contumacious conduct sufficient to warrant dismissal of the FDIC's claims. While the FDIC did file a motion for a protective order that the district court found to be groundless and a motion for an extension of time within which to answer the interrogatories, the plaintiff timely served responses to most of the interrogatories, although in

---

by the government's discovery abuses because the sanction imposed was "one of the least harsh sanctions available to courts under Rule 37(b)." *Chilcutt,* 4 F.3d at 1320 n. 17.

9

a manner that violated the January 13 order.[4]  Moreover, before the district court's hearing on the motion for sanctions, the FDIC served on the defendants supplemental answers that provided all of the requested information.  The FDIC's conduct admittedly violated the January 13 order, caused a slight delay in the defendants's preparation of their defense, and therefore exposed the FDIC to the imposition of some sort of Rule 37(b) sanction.  However, taking all of the circumstances of this case into account, we conclude that the FDIC's conduct did not exhibit the degree of delay or contumacy that justifies the dismissal of its claims.  *Cf. S.E.C. v. First Houston Capital Resources Fund,* 979 F.2d 380 (5th Cir.1992).

We also find that the FDIC's conduct did not cause the defendants to suffer substantial prejudice.  The defendants complain that the delay caused by the FDIC's failure to comply with the January 13 discovery order prejudiced them.  An examination of the record, however, reveals that the discovery dispute arose in the initial stages of this litigation.  The FDIC served its supplemental responses to the defendants's interrogatories in May of 1992.  In its opposition to the motion for sanctions and at the sanctions hearing, the FDIC explained that after it served its supplemental answers, no information was withheld on account of the

---

[4]In this set of responses, the FDIC objected to and therefore did not answer the interrogatories that sought information that related to the FDIC's management of Capital's loan portfolio after the FDIC was appointed receiver of the bank. The FDIC's objections were based on the assertion that such information was irrelevant.

FDIC's objections. Given that the period for discovery was not to close until over a year later, July 30, 1993, and that the trial was set for the October 3, 1993, the FDIC's conduct did not prevent the defendants's "timely and appropriate preparation for trial." *Coane,* 898 F.2d at 1033. The defendants also assert that the continued presence of this suit prejudiced their business affairs. However, such a claim cannot suffice to justify dismissal of a suit. The FDIC's violation of the January 13 discovery order did not substantially prejudice the defendants.

This case involves a question of life or death, or to be or not to be. We resurrect the FDIC's claims, although we are not unconscious of the FDIC's miscreant behavior. The absence of delay and prejudice identified above, taken together, satisfy us that the district court abused its discretion when it dismissed the FDIC's claims against Hillard, Robinson, Ryan, Stevens, and Whipp. We therefore reverse the district court's order dismissing the FDIC's claims against these defendants.

2. The Rule 37(b)(2) Monetary Sanction Levied Against Sartain

We now turn to the district court's order that the FDIC's attorney, Charles W. Sartain, pay the attorney's fees incurred by the defendants as a result of the FDIC's failure to obey the January 13 discovery order. As we stated, the district court found that the FDIC violated the January 13 order in several ways. The district court also found that the FDIC's violations of the January 13 order were not substantially justified and that there were no other circumstances that would make an award of expenses unjust.

11

The court therefore ordered Sartain to pay Hillard, Robinson, Ryan, Stevens, and Whipp $6,045.00 for these defendants's reasonable expenses caused by the FDIC's failure to comply with the January 13 order. *See* Fed.R.Civ.P. 37(b)(2). Sartain was required to pay this sum from his personal funds and forbidden to seek reimbursement from the FDIC. We cannot find that this sanction was an abuse of discretion.

Federal Rule of Civil Procedure 37(b)(2) requires the award of expenses for the failure to obey a discovery order unless the disobedient party establishes that the failure was substantially justified or that other circumstances make an award of expenses unjust. *See* Advisory Committee Note to 1970 Amendments to Rule 37 (explaining that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). Rule 37(b)(2) also authorizes the district court to order the attorney who advised the disobedient party to pay the opposing side's reasonable expenses personally.

The sanction imposed on Sartain was appropriate only if the district court's underlying discovery order was proper, the FDIC violated that order, and the expenses incurred by the defendants were caused by the FDIC's failure to comply with the order. *See Hastings,* 615 F.2d at 631. Our review of the record satisfies us that the FDIC violated valid portions of the January 13 discovery order. The district court found that the FDIC violated the January 13 order by objecting to the interrogatories, by cross-referencing responses and repeatedly referring to other interrogatory answers and documents, and by stating general legal conclusions in some

12

answers without stating the facts upon which those conclusions were based. Although we are concerned by the district court's finding that the FDIC violated the January 13 order by including objections to the defendants's questions,[5] we believe that the FDIC transgressed plain and legitimate features of the district court's discovery order in a sufficient number of ways to justify the award of attorney's fees. The January 13 discovery order explicitly required all of the FDIC's interrogatory answers to be "full and complete" and "fully self-contained." The district court did not abuse its discretion in fashioning these aspects of the discovery order. The district court found that the FDIC disobeyed the requirement that each interrogatory answer be "full and complete" by summarizing general legal conclusions in some answers without stating the facts upon which those conclusions were based. Similarly, the district court found that the FDIC repeatedly violated the directive that each answer be "fully self-contained" by referring to other interrogatory answers or other documents at least sixty-five times. The district court also found that these violations were conscious, deliberate, and willful. We cannot say that these findings are clearly erroneous. Moreover, the district

---

[5]The January 13 order did not specifically prohibit the FDIC from making objections. Instead, the order was, at best, general and vague on this point. This infirmity militates against the propriety of sanctioning Sartain for including objections to the defendants's interrogatories. *See General Dynamics,* 999 F.2d at 116 (noting that the Supreme Court has held that a party cannot be held in contempt for violating a court order unless the order states in specific and clear terms what acts are required or prohibited) (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 76, 88 S.Ct. 201, 208, 19 L.Ed.2d 236 (1967)).

13

court was entitled to find that the expenses that the defendants incurred were caused by the FDIC's violations of the discovery order. The FDIC's violations of the January 13 discovery order are thus sufficient to support the award of attorney's fees to the defendants.[6]

Courts must be able to invoke punitive instrumentalities to promote the orderly progress of litigated cases. The sanctions that courts employ must be potent enough to be efficacious, but must also be narrowly tailored to serve only their necessary function. Like all court orders, discovery orders are to be obeyed when issued, and sanctions for violating such orders may be imposed without an explicit prior warning or a litany of precautionary instructions. However, the right to sue is a valuable right that cannot lightly be exterminated. We are thus loathe to approve of the dismissal of a case as a sanction for violating a discovery order without evidence of the sort of maleficent conduct that justifies death. The application of these principles in this case has led us to affirm the monetary sanction levied against Sartain, but reverse the order dismissing the FDIC's claims against some of the defendants.

II. The FDIC's Claims Against Conner and the 28 U.S.C. § 1927 Sanction Levied Against Sartain

---

[6]The FDIC suggests that the January 13 order violated Rule 33 by preventing it from producing its business records as an option to responding to the defendants's interrogatories. However, the FDIC has failed to show that it was entitled to invoke this portion of Rule 33 because it has not shown that the burden of deriving the answers to the interrogatories is substantially the same for both parties. We thus decline to address this contention further.

14

## A. Background

In late January of 1992, the district court learned that William C. Conner had died. Because the district court had not received evidence that Conner had been served with a summons and complaint, the district court inquired into the status of the FDIC's claims against him. The court ordered the FDIC to file proof of proper service on Conner or face dismissal of its claims against him. The FDIC thus filed an Affidavit of Service of Summons and Complaint. This affidavit explained that on November 15, 1991, the FDIC received a copy of a Notice and Acknowledgement of Service by Mail signed by Conner. The affidavit further explained that the FDIC also received on November 15, 1991, an unfiled copy of what appeared to be Conner's answer. However, Conner, who was proceeding pro se, never filed an answer in the district court. On January 31, 1992, the district court ordered the FDIC to inform the court whether it wished to proceed with its claims against Conner by substituting his representatives. If so, the court ordered the FDIC to substitute the proper party by complying with the requirements of Federal Rule of Civil Procedure 25(a). Thus, on February 21, 1992, the FDIC filed a Rule 25 motion, requesting the court to substitute "the Estate of William C. Conner in place of the deceased Defendant William C. Conner."

After considering the response of Hillard, Robinson, Ryan, Stevens, and Whipp, the district court denied the motion to substitute and dismissed the FDIC's claims against Conner. The district court gave several reasons for its action: The court

15

first noted that the FDIC's motion to substitute was "signed by a law firm instead of an individual attorney" in violation of a standing order of the district court. Second, the court faulted the FDIC for failing to serve the motion to substitute on the representatives or successors of Conner. Third, the court noticed that neither the FDIC's Affidavit of Service of Summons and Complaint nor the Notice and Acknowledgement of Service by Mail signed by Conner had been served on the other defendants. The court also observed that the Notice and Acknowledgement of Service by Mail had not been timely filed with the district court as required by Local Rule 3.1(g) and the version of Federal Rule of Civil Procedure 4(g) in effect at that time.[7] Furthermore, the court found that the FDIC incorrectly requested the substitution of "the Estate of William C. Conner" as a defendant. An estate is not a legal entity and cannot be sued as such. *Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex.1987). Finally, the district court held that since Conner had not answered or otherwise appeared in the case for ninety days after being served, and since the FDIC had not filed a motion for default judgment within that period of time,

---

[7]Local Rule 3.1(g) provides that "[i]f a defendant has not been served within 120 days after filing of the original complaint, as evidenced by proof of service on the record, the action may be dismissed as to that defendant, without prejudice and without notice."

The version Federal Rule of Civil Procedure 4(g) in effect at that time provided that "[t]he person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to the process." This provision, as amended, now appears in Rule 4(*l* ).

16

the FDIC's claims against Conner were susceptible of being dismissed pursuant to Local Rule 3.1(h).[8] The district court thus denied the FDIC's motion to substitute and dismissed the FDIC's claims against Conner. The FDIC filed a motion for new trial, but this motion was summarily denied by the district court.

In their May 14, 1992 motion for sanctions, defendants Hillard, Robinson, Ryan, Stevens, and Whipp requested that they be reimbursed for the expenses they incurred in their opposition to the FDIC's motion to substitute. At the July 17, 1992 sanctions hearing, the district court invoked 28 U.S.C. § 1927 and ordered Sartain to pay the defendants who opposed the FDIC's motion to substitute parties $1,590.00 to compensate them for the attorney's fees they incurred in their opposition to the motion. The district court justified this sanction on the FDIC's "multiplication of these proceedings unreasonably due to the failure of the plaintiff to comply with my order signed January 31, 1992."

## B. Discussion

Sartain contests the propriety of the $1590.00 sanction for his failure to comply with the district court's January 31 order. As noted above, this order required the FDIC to inform the court whether it wished to pursue its claims against Conner, and, if so, to comply with the requirements of Federal Rule of Civil Procedure 25(a). The district court sanctioned Sartain under 28 U.S.C. §

---

[8]Local Rule 3.1(h) provides that "[w]here a defendant has been in default or a period of ninety days, but plaintiff has failed to move for default judgment, the action will be summarily dismissed as to that defendant, without prejudice and without notice."

17

1927. Under this statute, district courts have the authority to order an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." We review sanctions made under this statute for abuse of discretion. *Thomas v. Capital Security Services, Inc.,* 836 F.2d 866, 872 (5th Cir.1988) (en banc); *Topalian,* 3 F.3d at 936 n. 5.

Before a sanction under § 1927 is appropriate, the offending attorney's multiplication of the proceedings must be both "unreasonable" and "vexatious." We have characterized awards under this statute as penal in nature. *Browning v. Kramer,* 931 F.2d 340, 344 (5th Cir.1991). Other courts have written that § 1927 should be employed "only in instances evidencing a "serious and standard disregard for the orderly process of justice.' " *Dreiling v. Peugeot Motors of America, Inc.,* 768 F.2d 1159, 1165 (10th Cir.1985) (quoting *Kiefel v. Las Vegas Hacienda, Inc.,* 404 F.2d 1163, 1167 (7th Cir.1968), *cert. denied,* 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969)); *see also United States v. Ross,* 535 F.2d 346, 349 (6th Cir.1976) (§ 1927 liability should "flow only from an intentional departure from proper conduct, or, at a minimum, from a reckless disregard of the duty owed by counsel to the court."). Such a strict construction of § 1927 is necessary "so that the legitimate zeal of an attorney in representing her client is not dampened." *Browning,* 931 F.2d at 344.

In this case, the FDIC's response to the district court's

18

January 31 order was careless and even negligent. However, we cannot ignore the fact that the district court made no finding that Sartain's actions were vexatious. This deficiency leads us to repeat what we said in *Browning:* "[A]n award pursuant to 28 U.S.C. § 1927 "require[s] more detailed findings to determine whether the requirements of the statute have been met, and which, if any, excess costs, expenses, or attorney's fees were incurred because of [the attorney's] *vexatious* multiplication of the proceedings.' " *Browning,* 931 F.2d at 345 (citation omitted) (emphasis supplied). We must therefore vacate the § 1927 sanction against Sartain. On remand, the district court may, if the facts warrant it, identify the conduct in which Sartain engaged that displayed "the degree of recklessness, bad faith, or improper motive required for a finding that [Sartain] has multiplied the proceedings "unreasonably and vexatiously.' " *Manax v. McNamara,* 842 F.2d 808, 814 (5th Cir.1988); *see also Hogue v. Royse City,* 939 F.2d 1249, 1256 (5th Cir.1991) (application of § 1927 requires evidence of recklessness, bad faith, or improper motive).

### III. The Motion to Amend the Complaint

#### A. Background

On March 2, 1992, the FDIC filed a motion for leave to file an amended complaint. In this motion, the FDIC sought to incorporate into the complaint charges that the defendants's allegedly wrongful conduct caused Capital to suffer losses from several loans that were not identified in the original complaint. The defendants opposed this motion, arguing that allowing the amendment would be

19

futile because the FDIC's claims based on the newly challenged loans would not relate back to the date of the original complaint and would thus be barred by the applicable statute of limitations. The defendants also contended that they would be prejudiced by the amendment. The district court granted the FDIC's motion to amend with regard to two of the loans, but denied the motion in all other respects. Disagreeing with the district court's resolution of the FDIC's motion, we reverse the order denying the motion to amend.

## B. Discussion

Federal Rule of Civil Procedure 15(a) evinces a strong bias in favor of granting a motion for leave to amend a pleading. The Rule's language that leave to amend "shall be freely given when justice so requires" is often cited. *See generally,* 6 Charles A. Wright et al., Federal Practice and Procedure: Civil 2d §§ 1473, 1484 (1990). However, leave to amend need not be granted when it would be futile to do so. *See Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539 (5th Cir.1980), *cert. denied,* 454 U.S. 927, 102 S.Ct. 427, 70 L.Ed.2d 236 (1981). Such a situation arises when leave is sought to add a claim upon which the statute of limitations has run. However, under Rule 15(c), an amendment to a complaint will relate back to the date of the original complaint if the claim asserted in the amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2); *McGregor v. Louisiana State Univ. Bd. of Supervisors,* 3 F.3d 850, 863 (5th Cir.1993). If a claim asserted in an amended pleading

20

relates back to the date of the original complaint and is thus not barred by limitations, then leave to amend should ordinarily be granted. The theory that animates this rule is that "once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." 6A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 1496, at 64 (1990). Permitting such an augmentation or rectification of claims that have been asserted before the limitations period has run does not offend the purpose of a statute of limitations, which is simply to prevent the assertion of stale claims.

Some applications of the relation back doctrine are straightforward. If a plaintiff attempts to interject entirely different conduct or different transactions or occurrences into a case, then relation back is not allowed. Thus, in *Holmes v. Greyhound Lines, Inc.,* 757 F.2d 1563 (5th Cir.1985), we refused to allow relation back where the original complaint charged that an arbitration award should be set aside because of the arbitrator's improper conduct and the amended complaint charged that the union breached its duty of fair representation with respect to the events that occurred prior to the arbitration award. Conversely, if a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in the prior

21

complaint, then relation back is allowed.  Thus, for example, in *Federal Deposit Ins. Corp. v. Bennett,* 898 F.2d 477 (5th Cir.1990), we allowed relation back when the FDIC sought to change the legal basis for its claim that it was entitled to recover property held by a defendant and allege for the first time that it could redeem the property pursuant to 28 U.S.C. § 4210(c).

However, determining when an amendment will relate back has occasionally proven difficult.  Courts have eschewed mechanical tests for determining when relation back is appropriate.  Professors Wright, Miller, and Kane have explained that if the alteration of a statement of a claim contained in an amended complaint is "so substantial that it cannot be said that the defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back."  Wright et al., *supra,* § 1496, at 79.  In the end though, the best touchstone for determining when an amended pleading relates back to the original pleading is the language of Rule 15(c):  whether the claim asserted in the amended pleading arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

In the present case, we hold that the amended complaint should relate back to the date of the original complaint.  The damage allegedly caused by the loans that the FDIC seeks to include in this case arose out of the same conduct as the damage caused by the twenty-one loans listed in the original complaint.  The conduct identified in the original complaint that allegedly caused the

defendants to approve the loans listed in that pleading also allegedly caused the defendants to approve the loans that the FDIC seeks to include in this case through the amended complaint. The FDIC's amendment thus seeks to identify additional sources of damages that were caused by the same pattern of conduct identified in the original complaint.

The defendants contend that the district court did not abuse its discretion in denying the FDIC's motion to amend because allowing the amendment would have unduly prejudiced them. We do not agree. The defendants claim that allowing the motion to amend would have unduly prejudiced them because the FDIC stated at a meeting before this suit was filed that the loans identified in the original complaint would be the only loans that the FDIC would include in its complaint. Accepting this assertion as true, we do not see how granting the motion to amend would unduly prejudice the defendants. The FDIC filed its motion to amend in March of 1992, over a year before the date on which amended pleadings were due and discovery was scheduled to be completed. The motion to amend was thus presumptively timely. Moreover, the defendants have not alleged that the amendment will interfere with their ability to present any evidence or defenses to the FDIC's claims. Thus, the defendants could not have been unduly prejudiced by the FDIC's motion to amend its complaint.

Since the FDIC's proposed amendment to its complaint does not seek to alter the basic focus of the claim and since the defendants have not shown that the proposed amendment will unduly prejudice

23

them, we reverse the district court's denial of the FDIC's motion to amend the complaint.

## IV. Conclusion

The dismissal of the FDIC's claims against the five defendants and the denial of the motion to amend are REVERSED. The monetary sanction against Sartain imposed pursuant to 28 U.S.C. § 1927 is VACATED. The Rule 37(b)(2) sanction against Sartain is AFFIRMED. This case is REMANDED to the district court for further proceedings consonant with this opinion.

. . . . .

. . . . .