**TCW SPECIAL CREDITS, INC., Plaintiff**

**v.**

**F/V KASSANDRA Z, OFFICIAL NO. 6553390,**
**Her Engines, Nets, Furniture, Etc., Defendant in Rem**

**and**

**KASSANDRA Z FISHING CO., Defendant in Personam**

---

**AND RELATED CLAIMS-IN-INTERVENTION.**

High Court of American Samoa
Trial Division

CA No. 92-96

May 7, 1999

Before KRUSE, Chief Justice, and TUA`OLO, Chief Associate Judge.

Counsel: For Plaintiff TCW, Craig Miller and Barry I. Rose
For Plaintiffs-in-Intervention Michael Datin, et al., William Banning and William H. Reardon
For Defendant Kassandra Z, Virginia L. Sudbury
For Intervenor A. Sardina, Brian M. Thompson
For Intervenor Shell Guam, Inc., Tautai A.F. Fa`alevao

## ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND OTHER REQUESTED RELIEF

On April 12, 1999, a hearing was held in this matter on eight different motions, with all counsel listed above present. A brief history and description of those motions, in chronological order of filing date, follows:

1. Plaintiff TGW Special Credits, Inc.'s ("TCW") Motion for Summary Judgment as to Amounts Owed Crew on Trips Nos. 20-26, filed January 21, 1999. In this motion, TCW outlines a history of alleged discovery abuses on the part of Plaintiffs-in-Intervention Michael Datin, et al., ("the Crew"). TCW urges the court to apply T.C.R.C.P 37 to sanction the Crew by finding any would-be material issues of fact in TCW's favor and, accordingly, to enter summary judgment for TCW.

2. TCW's Motion to Quash Notice of Deposition, filed January 21, 1999. TCW seeks to quash the notice of deposition for Raymond Falante, originally noticed for January 20, 1999, with amended notice for January 22, 1999. According to the memorandum filed by the Crew on March 31, 1999, the deposition was renoticed for April 2, 1999, and counsel for TCW agreed to attend. There was no argument on this motion at the April 12, 1999 hearing, and the issue now appears to be moot.

3. TCW's Motion for Order (1) Directing that Settlement Offers be Communicated by Special Master; and (2) Examining Legal Fees of Crew Counsel, filed February 19, 1999. TCW asserts a conflict of interest between the Crew and its counsel, the Booth Banning firm, expressing concern that settlement offers were not communicated to members of the Crew and that the fee arrangements between the Crew and its counsel are exorbitant and unfair.

4. TCW's Motion for Order Governing Deposition Conduct and for Sanctions For Discovery Misconduct, filed March 12, 1999. Based on conduct which occurred at the February 1, 1999 deposition of Gojko Milisic, TCW seeks sanctions and an order establishing guidelines for future depositions.

5. TCW's Motion for Approval of Settlements and Assignment of Claims Between TCW, Clipper Oil and Shell Guam, filed March 22, 1999. TCW seeks approval of the settlement reached between these parties on the various trade claims.[1]

6. TCW's Second Motion to Quash Notices of Crew Depositions in Italy, filed March 25, 1999. This motion was denied by our order of April 14, 1999, on grounds that the court wished to rule on summary judgment before allowing these depositions to go forward.

7. Defendant Kassandra Z's ("Kassandra Z") Motion to Compel, filed March 26, 1999. This motion, requesting an order to compel discovery responses on the personal injury claims, was withdrawn on April 7, 1999.

8. The Crew's Motion for Order Issuing Reporters Commission and to Allow *De Bene Esse* Depositions to be Used for Trial, filed March 29, 1999. The Crew seeks approval for *de bene esse* depositions of the individual members of the Crew.[2]

## Discussion

As noted above, the motions identified in paragraph numbers 2, 6 and 7 above have been effectively resolved. In brief, and to the extent necessary, we now discuss those remaining motions below.

### A. TCW's Motion for Summary Judgment

 Summary judgment is appropriate only when the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56; *Etimani v. Samoa Packing Co.,* 19 A.S.R.2d 1, 4 (Trial Div. 1991). In ruling on a summary-judgment motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to the opposing party. *Id.*

---

[1] This motion is addressed by separate order.
[2] This motion is addressed by separate order.

In its motion, TCW requests that the court take the most drastic of steps as a corrective to alleged discovery abuses on the part of the Crew: apply T.C.R.C.P. 37 sanctions to find against the Crew on all issues of material fact, and to enter summary judgment in favor of TCW. Although we share TCW's frustration with the status of discovery in this case—indeed, we find *both* parties to have exhibited an unfortunate lack of cooperation and goodwill throughout this process—we are not prepared to take such extreme measures at this time.

Under Rule 37, the court may impose, *inter alia,* the following sanctions for failure to comply with a court order:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

T.C.R.C.P. 37(b)(2).

TCW does not purport to seek an outright dismissal or a default judgment, both of which are provided for in subsection (C) above, but rather requests an order pursuant to subsections (A) or (B), finding certain material facts in its favor or refusing to allow the Crew to defend certain claims. Summary judgment would logically follow from that more limited order, however, thereby achieving the same *result* as a dismissal or default judgment. When deeming certain facts as established is tantamount to a dismissal or default judgment, we will proceed to apply the same standards for application of Rule 37 as we would were TCW directly seeking dismissal of the Crew's claims. *Commodity Futures Trading Comm'n v. Noble Metals Int'l,* 67 F.3d 766, 770-772 (9th Cir. 1995), *cert. denied* (Rule 37 sanctions resulting in grant of summary judgment were reviewed as if court had dismissed claims outright or entered default judgment).[3]

---

[3] We note that, in relevant part, T.C.R.C.P. 37 is identical to its federal counterpart. Because Rule 37 has seen little use in this jurisdiction, we choose to look primarily to the federal courts for guidance in its application

■ Courts will weigh many different factors in deciding whether to dismiss a case pursuant to Rule 37. As a general principle, policy and due process concerns favor resolution of a case on the merits; accordingly, a dismissal will only be granted as a last resort, and only when less severe sanctions would not be effective. *Wouters v. Martin County, Fla.,* 9 F.3d 924, 934 (11th Cir. 1993) (award of attorney's fees was less drastic sanction that could have forced compliance with court order); *United States for the Use and Benefit of Wiltec Guam v. Kahaluu Constr. Co..,* 857 F.2d 600, 605-606 (9th Cir. 1988) (dismissal reversed on appeal when trial court neglected to consider intermediate-level sanctions); *F.D.I.C. v. Conner,* 20 F.3d 1376 (5th Cir. 1994) (dismissal sanction reversed as abuse of discretion).

In addition, courts have developed other requirements which must also be met before imposing a dismissal sanction, including: a showing of willfulness, bad faith, or substantial fault (*National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640 (1976) (per curiam)); an explicit prior warning from the court that continued noncompliance would result in dismissal (*Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997)); evidence that the moving party had suffered significant prejudice (*In re Exxon Valdez,* 102 F.3d 429, 433 (9th Cir. 1996)); and, in at least one circuit, proof that the violation of the discovery order was attributable to the client rather than its counsel (*F.D.I.C. v. Conner,* 20 F.3d 1376, 1380-81 (5th Cir. 1994)).

Although the discovery process in the instant case has been fraught with hostility, intransigence and inappropriate delay, the overall circumstances simply do not rise to the level of those required for dismissal to be proper. Both TCW and the Crew appear to have done their part to thwart the free exchange of information contemplated by Rule 26; nevertheless, without additional information, we are not prepared to say that either party has acted in bad faith. Furthermore, even if the Crew *has* failed to comply with the court's discovery orders, there has been no warning that a dismissal sanction might result therefrom, nor do we have any reason to believe that lesser sanctions could not elicit the discovery sought. Finally, this court is not prepared to penalize the individual members of the Crew for transgressions—if any—which occurred through no fault of their own, but rather resulted from the litigation tactics of their counsel.

As nearly a month has elapsed since the April 12, 1999 hearing (and counsel for TCW was apparently served with some supplemental answers to interrogatories on the morning of that hearing), the court cannot properly evaluate the adequacy of discovery at this time. However, if TCW is still not satisfied with the Crew's responses to certain interrogatories or other discovery requests, then it may bring a more narrowly-tailored motion to address those issues. Summary

judgment on this basis, however, is denied.

### B. TCW's Motion for Order (1) Directing that Settlement Offers be Communicated by Special Master; and (2) Examining Legal Fees of Crew Counsel

Although we are mindful of our unique responsibility towards seaman (and, for that matter, other litigants whose circumstances may require some degree of special attention), the court is not prepared to intrude into the relationship between the Crew and its counsel at this time.

■ Significantly, the Federal Rules of Civil Procedure regarding special masters, Rule 53, has been omitted from the Trial Court Rules of Civil Procedure which govern practice in this jurisdiction. Even were we to follow the federal rules, however, we are not convinced that the "exceptional conditions" which they require have been met in this case, as TCW's concerns are largely speculative in nature. F.R.C.P. 53(b).

If at any point the members of the Crew have concerns about their treatment by counsel, they have an existing remedy: they remain free to bring suit on their own behalf. Based on the information which has been provided to this court, however, we will not interfere in the attorney-client relationship at this time.

### C. TCW's Motion for Order Governing Deposition Conduct and Sanctions

■ This motion is also denied. Although we are indeed disturbed by the rancor which characterized the Milisic deposition of February 1 and 2, 1999—and in particular by the possibly premature termination of TCW's examination of the deponent—we refuse to impose artificial regulations of conduct beyond those already provided by the Trial Court Rules of Civil Procedure.

We do, however, take this opportunity to issue a warning. Counsel for both the Crew and TCW are experienced attorneys who are well aware of the basic rules and procedures governing the discovery process. Be forewarned that any future allegations of improper practice will be carefully scrutinized, and this court will not hesitate to impose heavy sanctions where appropriate.

### Order

For the foregoing reasons, the following orders shall enter: TCW's Motion for Summary Judgment is DENIED; TCW's Motion for Order (1) Directing that Settlement Offers be Communicated by Special Master and (2) Examining Legal Fees of Crew Counsel is DENIED; TCW's

Motion for Order Governing Deposition Conduct and for Sanctions For Discovery Misconduct is DENIED.

It is so ordered.