IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50126
Summary Calendar
_____

RODERICK LYN BARNES,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CV-58
--------------------
September 29, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roderick Lyn Barnes, TDCJ #607656, has filed an application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal of his 42 U.S.C. § 1983 complaint. By moving for IFP, Barnes is challenging the district court's certification that IFP should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Barnes argues that the district court erred in construing his complain as arising out of 42 U.S.C. § 1983 because the loss of his trusty class status

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affected his release date and deprived him of the accrual of extra good time credits, that the district court erred by applying the incorrect law in deciding that Barnes failed to state a claim, and that the district court abused its discretion in denying his motion to amend.

The district court erred when it construed Barnes' claim as coming under § 1983 because Barnes' claim should have been construed as a 28 U.S.C. § 2254 petition for writ of habeas corpus. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000). The district court did not err in finding that Barnes failed to state a claim because a prisoner does not have a constitutionally cognizable claim for the right to a particular time-earning status. See Id. at 959. The district court did not abuse its discretion in denying Barnes' motion to amend because the amendment would have been futile. See FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994).

The district court's certification that Barnes' appeal was not taken in good faith was not error, and the appeal is dismissed. See Baugh, 117 F.3d at 202 and n.24.

IFP DENIED; APPEAL DISMISSED.