Robert LYDIC, et al., Plaintiffs,

v.

BAYER, A.G., et al., Defendants.

No. CIV.A. G–03–468.

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 13, 2003.

Turner Williamson Branch, Branch Law Firm, Albuquerque, NM, for Robert Lydic, Edna Woodfin, William Vinson, Tony Randle, Douglas Sheldon, Robert Hoffpauir, Verbon Giddings, Curtis Smith, plaintiffs.

### ORDER OF DISMISSAL

KENT, District Judge.

On June 30, 2003, Plaintiffs Robert Lydic et al. ("Plaintiffs") filed this lawsuit against

Bayer, A.G. et al. ("Defendants") for injuries allegedly caused by the drug Baycol. On that same day, this Court issued an Order setting the Rule 16 Scheduling Conference in this case for September 8, 2003, at 1:40 p.m. Unfortunately, Plaintiffs' Counsel did not appear, nor did he or his office contact the Court to inform it that he was unable to attend for some unforeseeable reason. Accordingly, that same day, the Court issued an Order of Dismissal Without Prejudice For Want of Prosecution. On September 11, 2003, Plaintiffs filed their Motion for Reconsideration urging the Court to reinstate the lawsuit because Plaintiffs' Counsel's absence was due to his failure to properly note the conference on his calendar. On September 16, 2003, the Court granted Plaintiffs' Motion for Reconsideration, and the case was reopened. Plaintiffs' Counsel was ordered to pay $250.00 for failing to appear. He did so on September 19, 2003.

On September 25, 2003, the Parties were notified that this case was set for a second Rule 16 Scheduling Conference at 10:00 a.m. on November 11, 2003. Despite over 5 weeks notice and Counsel's written commitment that he would make certain to attend all Court settings, no one was in attendance at the November 5th Scheduling Conference. Nor did anyone at Plaintiffs' Counsel's office contact the Court to inform it of any problem.

This Court sees over 800 cases per year and does not have the time or resources to monitor the internal docketing of each case. This Court's ability to effectively manage the actions before it depends on the presence of lawyers at scheduled hearings, and failures to appear are a gross inconvenience. In its Order Granting Motion for Reconsideration, the Court warned Plaintiffs' Counsel that future absences would result in harsh sanctions, including dismissal with prejudice. To its disappointment, the Court is now confronted with that scenario.

■ Pursuant to the Federal Rules of Civil Procedure, this Court is empowered to impose sanctions as may be appropriate after a party's attorney fails to make an appearance at a scheduling or pretrial conference. The controlling Rule states:

If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C), (D).

Fed.R.Civ.P. 16(f). This Rule is necessary to the efficient functioning of the Court's business and is a Congressional expression of the Court's inherent power to manage its own affairs. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir.1995). This power to ensure the expeditious handling of cases is incident to the judicial powers as laid out in Article III of the Constitution and includes the power to dismiss a case in order to control the Court's docket. *See id.; Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406–08 (5th Cir.1993).

The Court understands that dismissal with prejudice is a harsh sanction but notes that the Supreme Court has established that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). The Fifth Circuit has expanded on this rule, noting that the most severe sanction must be available to both penalize the offending party and deter those who are tempted by such conduct. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1383 (5th Cir.1994). The Court is motivated by both of these goals in this Order.

■ Plaintiffs' Counsel in this case has already been sanctioned once for failing to appear at a Court setting. While a $250.00 fine and threat of future sanctions is normally enough to impress upon attorneys the importance of the Court's time and scheduling obligations, Counsel in this case was clearly not affected. Since the Court's previous admonitions in this case have proven

ineffective, it has become necessary to impose the harsher sanction of dismissal. This action is being taken upon reflection of the facts in this case and is well within the Circuit's established guidelines. *See Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir.1984) ("When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice.").

Harsh sanctions are also necessary in this case to prevent other litigants from engaging in similar exercises. The Court would come to an utter standstill if each Court setting had to be set three times. When attorneys do not appear at the scheduled time without notice to the Court, the time initially allocated is completely wasted. This Court simply cannot handle its current caseload without the cooperation of the attorneys who practice before it. Given the serious drain on the Court's time and resources at the hands of attorneys who fail to make required appearances, it is necessary to impose harsh sanctions when called for. The Court intends for appropriately harsh sanctions to have the effect of impressing upon all attorneys the importance of respecting the Court's very limited resources available for handling a vast caseload.

Accordingly, all claims asserted by Plaintiffs against Defendants are hereby **DISMISSED WITH PREJUDICE.** A final judgment reflecting this decision will be entered by the Court in due course. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**