# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2010

No. 09-50446
Summary Calendar

Charles R. Fulbruge III
Clerk

RODOLFO RIVERA MUNOZ,

Plaintiff-Appellant

v.

U.S. XPRESS, INC.,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-210

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Rodolfo Rivera Munoz moves this court for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal with prejudice of his 42 U.S.C. § 2000e suit. The district court dismissed the suit because Munoz violated the court's discovery order by failing to answer questions during his deposition. The district court also denied Munoz leave to proceed IFP on appeal, finding that the appeal was not taken in good faith.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Munoz's failure to cooperate during his deposition was in direct contravention of the district court's discovery order and prejudiced the opposing party by impeding its ability to gather information regarding his claim. As an attorney, Munoz was aware of his discovery obligations. Moreover, the imposition of a lesser sanction had failed to deter Munoz from disobeying the court's previous orders. Munoz has, therefore, failed to show that the district court abused its discretion in dismissing the suit as a sanction for violating its discovery order. *See* FED. R. CIV. P. 37(b)(2)(A)(v); *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994).

Given the foregoing, Munoz has failed to show that his appeal involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, his motion to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.