# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2011

No. 10-51222
Summary Calendar

Lyle W. Cayce
Clerk

JAIRUS ABRAHAM PEGUES,

Plaintiff-Appellant

v.

PGW AUTO GLASS, L.L.C.; ADECCO USA, INC.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-86

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jairus Abraham Pegues appeals the dismissal of his Title VII civil rights action. The district court dismissed the action under Federal Rule of Civil Procedure 37(b)(2)(A)(v) & (d), and Rule 41(b), because Pegues failed to allow the defendants to depose him. We affirm.

We review the district court's dismissal for abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987). "An abuse of discretion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurs where the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). A Rule 41(b) dismissal "will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, and where lesser sanctions would not serve the best interest of justice." *Salinas*, 819 F.2d at 106 (internal quotation marks, alterations, and citation omitted).

Similarly, a Rule 37 dismissal is proper if the refusal to cooperate resulted "from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (internal quotation marks and citation omitted). Further, the discovery violation must be attributable to the party himself rather than his attorney. *Id.* In addition, the violation must substantially prejudice the opposing party, and a lesser sanction would not have achieved the desired deterrent effect. *Id.* at 1380-81. "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction" of dismissal with prejudice. *Bonaventure v. Butler*, 593 F.2d 625, 625-26 (5th Cir. 1979) (dismissal of pro se action where plaintiff persistently refused to appear for a deposition).

The district court found, and the record confirms, that Pegues persistently refused to arrange to have his deposition taken. Even after the Magistrate Judge carefully explained deposition requirements and procedures and ordered Pegues to give his deposition at a certain place, date, and time, he refused to appear. He based his refusal on meritless arguments about federal discovery rules even after those arguments were rejected. Pegues's fear of being assassinated by the defendants was at best unreasonable and at worst disingenuous, but in any event, shows that his refusal to be deposed was deliberate and contumacious. Even on appeal, Pegues continues to argue that he was not required to submit to a deposition. His contention that he could not be deposed because he has no lawyer rests on a misapplication of FED. R. CIV. P.

32(a)(5)(b), which simply does not apply in his case. His other various other assertions lack legal, factual, or logical support.

Because Pegues was acting pro se, he had no counsel to blame for his actions. *See Conner*, 20 F.3d at 1380. Also, it was not erroneous for the district court to conclude that the inability to depose the plaintiff prejudiced the defendants' ability to prepare for trial and defend Pegues's sometimes vague and confusing claims. *Cf. Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005) (noting that the plaintiff's continued unavailability for deposition caused undue prejudice to the defendant). In addition, the court properly reasoned that lesser sanctions would have been unavailing. Pegues was explicitly warned of the possibility of dismissal, and nothing suggests that further warnings would have been effective. Pegues was proceeding in forma pauperis, so it is unlikely that he would have been able to pay a fine or that a fine would have changed his position. Moreover, Pegues continues to assert even on appeal that he need not submit to a deposition, thus demonstrating that even the drastic sanction of dismissal has not persuaded him to reconsider his position.

Pegues's motion to amend his reply brief is GRANTED as we have considered his argument. He nonetheless has provided no coherent and viable challenge to the district court's dismissal, and the court did not abuse its discretion by dismissing the action with prejudice. *See Bonaventure*, 593 F.2d at 626. The judgment of the district court is AFFIRMED.