# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2013

No. 12-41305
Summary Calendar

Lyle W. Cayce
Clerk

DEWITT R. THOMAS,

Plaintiff-Appellant

v.

TWO RIVERS GROCERY & MARKET; KEITH LANGSTON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:12-CV-205

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dewitt R. Thomas moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his civil rights action in which he alleged that the defendants subjected him to religious discrimination, denied him services based on his religion, and unlawfully restrained him in violation of his rights under Amendments 1, 5, 7, and 14 of the United States Constitution, as well as 42 U.S.C. §§ 1981 and 2000a. Thomas's IFP motion is a challenge to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Section 1915(e)(2) of Title 28 of the United States Code requires the district court to dismiss an IFP case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. In making the § 1915(e) determination, the district court properly considered the merits of Thomas's complaint.

Thomas asserts that he should have been permitted to amend his complaint before dismissal. Thomas submitted an amended complaint outside the time for amending as a matter of course, *see* FED. R. CIV. P. 15(a)(2), and then only as an exhibit to a motion for enlargement of time to file a response to defendant Langston's motion to dismiss. The district court nonetheless considered the response to the motion to dismiss and its exhibits in the court's review of the report and recommendation of the magistrate judge. The district court concluded that the response and the motion to amend did nothing to cure the defects of the complaint. In fact, the proposed amendment changed only the relief requested and not the original allegations or bases for relief. Thus, Thomas has not shown that the district court abused its discretion in its implicit denial of leave to amend as futile. *See FDIC v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021-22 (5th Cir. 1994); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).

The district court specifically stated that it had considered Thomas's response to the motion to dismiss. The district court further stated that it reviewed Thomas's motions for reconsideration of the magistrate judge's report, which the district court construed as objections to the report. Thus, Thomas's assertion that the district court failed to consider his response and opposition to

the magistrate judge's report also presents no nonfrivolous issue for appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam).

Thomas further avers that the district court clerk's office engaged in misconduct by refusing to file his response to the motion to dismiss based on an error under the local rules and by failing to provide him timely a copy of the local rules. The record and Thomas's own documents indicate that his response was untimely under the deadline set by the local rules or his own notice to the court stating a deadline to which he had agreed with the defendants. Nonetheless, the district court considered the response in its review of the magistrate judge's report and recommendation. Thomas has not alleged harm from the alleged misconduct, other than his vague and conclusory assertion that it had a "huge impact on his case in all areas." He again fails to raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Thomas's appeal is without arguable merit and is frivolous. The IFP motion is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202; 5TH CIR. R. 42.2