# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60491

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2017

Lyle W. Cayce
Clerk

H. KENNETH LEFOLDT, JR., in his capacity as Trustee for the Natchez Regional Medical Center Liquidation Trust,

Plaintiff - Appellant

v.

DONALD RENTFRO; CHARLES MOCK; WILLIAM HEBURN; LEROY WHITE; JOHN SERAFIN; LINDA GODLEY; LIONEL STEPTER; LEE MARTIN; WILLIAM ERNST; JENNIFER RUSS,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

Before JONES and OWEN, Circuit Judges, and ENGELHARDT,* District Judge.

EDITH H. JONES, Circuit Judge:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF MISSISSIPPI, PURSUANT TO MISSISSIPPI RULE OF APPELLATE PROCEDURE 20.

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

No. 16-60491

TO THE SUPREME COURT OF MISSISSIPPI AND THE HONORABLE JUSTICES THEREOF:

The above-styled diversity case involves outcome-determinative questions of Mississippi law. We have not been able to identify clear controlling precedents from the Supreme Court of Mississippi that would resolve this case. This Court hereby certifies questions of law to the Supreme Court of Mississippi for instructions concerning said questions of law, based on the facts recited herein, pursuant to Mississippi Rule of Appellate Procedure 20.

## STYLE OF THE CASE

The style of this case is *Lefoldt, Jr. v. Rentfro*, 16-60491, in the United States Court of Appeals for the Fifth Circuit. The case is on appeal from a judgment of the United States District Court for the Southern District of Mississippi.

## STATEMENT OF FACTS

Natchez Regional Medical Center ("NRMC") is a public, not-for-profit, community hospital owned by Adams County, Mississippi. In 2014, NRMC filed bankruptcy under Chapter 9 of the Bankruptcy Code, and a Trustee (Lefoldt) was appointed for the liquidation trust and given the right to pursue all claims or causes of action on behalf of NRMC.

Appellant, the Trustee, sued the former directors and officers (collectively, "Officers") of NRMC alleging that the Officers breached their fiduciary duty of care, loyalty, and good faith. The Trustee's claims against the Officers arise from the performance of their duties on behalf of NRMC. In his complaint the Trustee asserts that the defendants were grossly negligent or abdicated their responsibilities in failing to bill patients for services rendered, respond to federal audits, and properly oversee the credentialing of its doctors. Among other allegations, the Trustee contends that NRMC's Chief Financial

No. 16-60491

Officer did not have the formal training or experience in regulatory matters necessary to serve as the hospital's CFO. As a result of the Officers' misfeasance, the Trustee states that the hospital lost millions of dollars in revenue.

The Trustee seeks to recover damages for the benefit of NRMC's creditors. The parties do not dispute that: (1) NRMC qualifies as a "government entity" under the MTCA, (2) the defendants qualify as "employees" of NRMC, and (3) the "act or omissions" complained of occurred within the course and scope of the defendants' employment with NRMC.

The Officers moved to dismiss, arguing that they are immune from liability under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.* The district court granted the motion to dismiss, determining that the plain language of the MTCA bars the Trustee's claims against the Officers. The Trustee appealed.

## DISCUSSION

The MTCA protects employees of a governmental entity from being held personally liable for acts or omissions that occur within the course and scope of their employment. The Trustee does not dispute that the relevant acts or omissions occurred within the course and scope of the Officers' employment, but he insists that the Officers were grossly negligent in the execution of, or failed to perform, their duties.

The Trustee argues that the purpose behind the MTCA and the legislative intent of the statute are to "provid[e] relief to injured citizens," *Reaves ex rel. Rouse v. Randall,* 729 So.2d 1237, 1240 (Miss. 1998), and to "conserv[e] state funds." *Vortice v. Fordice,* 711 So.2d 894, 896 (Miss. 1998). The scope of the MTCA should accordingly not bar public entities from suing their own employees. The Trustee also contends that applying the MTCA against the public entity leads to absurd results, e.g. rendering meaningless the statute's requirements for exhaustion or

No. 16-60491

remedies and notice to the affected government entity. Miss. Code Ann. § 11-46-1(1), (2). The Officers counter that the statute unambiguously bars the Trustee's suit. The Officers further argue that the Trustee's allegations do not support a claim for breach of fiduciary duty but at most support a claim for negligence or mismanagement.

In 1982, the Supreme Court of Mississippi abolished the judicially created doctrine of sovereign immunity, reasoning that the "control and policing" of sovereign immunity is a legislative responsibility. *Pruett v. City of Rosedale*, 421 So.2d 1046, 1047 (Miss. 1982). The legislature responded to this decision by enacting the Mississippi Tort Claims Act, a comprehensive tort claims act that provides for a limited waiver of sovereign immunity. *Jackson v. Daley*, 739 So. 2d 1031, 1040 (Miss. 1999).

The MTCA provides in relevant part:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann. § 11-46-7(2). The MTCA is the exclusive remedy against a governmental entity or employee pursuant to its specific terms. § 11-46-7(1). "Employee" is defined to include "any officer [of] . . . a political subdivision of the state . . . including elected or appointed officials." § 11-46-1(f). A community hospital is considered a "governmental entity" and a "political subdivision" under the MTCA. § 11-46-1(g) & (i). Community hospitals are governed by the MTCA for "any cause of action which accrues . . . on account of any wrongful or tortious act or omission . . ." § 41-13-11(5).

No. 16-60491

Some states' courts have held that a claim for breach of fiduciary duty is not subject to the applicable state tort claims act. *Randich v. Lockport Twp. Firefighters' Pension Bd.*, 2012 IL App (3d) 120032-U, ¶ 41. ("The [Illinois] Tort Immunity Act does not apply to breach of fiduciary duty claims because they are not torts."). Mississippi may not be such a state. Mississippi courts have described claims for breach of fiduciary duty and gross negligence as torts that are subject to the MTCA. *Union Nat'l Life Ins. Co. v. Crosby*, 870 So. 2d 1175, 1180 (Miss. 2004) (describing breach of fiduciary duty as a tort); *Hardy v. City of Senatobia, Miss.,* No. 2:06CV81-P-A, 2007 WL 3245163, at*3 (N.D. Miss. Nov. 1, 2007).

In any event, we have not identified a Mississippi decision that resolves whether the MTCA bars a governmental entity from suing its own employees.[1] *But see People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, 939, 154 Cal. Rptr. 3d 443, 460 (2013) (holding that "[i]t would turn the Tort Claims Act on its head" to apply the Act to a public entity suing its employees for acting outside of their scope of employment). Nor have the Mississippi courts considered whether the MTCA shields employees when they are not sued in regard to acts or omissions "for which the governmental entity may be liable." Miss. Code Ann. § 11-46-7(2). For the Trustee's suit to proceed, it is necessary to determine whether the MTCA ties the hands of the sovereign from pursuing claims against its servants.

"Because this case raises important questions concerning the scope of sovereign immunity in Mississippi, we defer decision in the cause and certify our questions to that Court." *Anderson v. Jackson Mun. Airport Auth*., 645 F.2d 401, 401 (5th Cir. 1981).

---

[1] *See, e.g.*, *Natchez Reg'l Med. Ctr. v. Quorum Health Res., LLC*, No. 5:09-CV-207-DCB-JMR, 2010 WL 3324955 (S.D. Miss. Aug. 20, 2010) ("This Court can find no authority for applying the MTCA to a case in which the state is suing a private corporation [that was hired by NRMC to provide management services]").

No. 16-60491

**CERTIFICATION**

We certify two questions to the Mississippi Supreme Court:

1) Does the MTCA furnish the exclusive remedy for a bankruptcy trustee standing in the shoes of a public hospital corporation against the employees or directors of that public corporation?

2) If the answer to the foregoing question is affirmative, does the MTCA permit the trustee to pursue any of the claims identified in his complaint against the officers and directors of NRMC in their personal capacity?

We disclaim any intention or desire that the Supreme Court of Mississippi confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Mississippi will determine the issues on appeal in this case. The record in this case and copies of the parties' briefs are transmitted herewith.

The panel retains cognizance of the appeal in this case pending response from the Supreme Court of Mississippi, and the Court hereby certifies to the Supreme Court of Mississippi the above questions of law.

QUESTIONS CERTIFIED TO THE SUPREME COURT OF MISSISSIPPI.