RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:
 

 ¶ 1. After Natchez Regional Medical Center ("NRMC") filed for Chapter 9 bankruptcy, H. Kenneth Lefoldt, who had been appointed trustee for the NRMC Liquidation Trust, sued NRMC's former directors and officers in the United States District Court for the Southern District of Mississippi, alleging breach of fiduciary duties of care, good faith, and loyalty. The directors and officers sought dismissal under Federal Rule of Civil Procedure 12(b)(6) and argued that they were immune under the Mississippi Tort Claims Act ("MTCA" or "Act"), Mississippi Code Section 11-46-1,
 
 et seq
 
 . The district court agreed and granted dismissal to the directors and officers. Lefoldt appealed, and the Fifth Circuit certified the following questions to this Court:
 

 1) Does the MTCA furnish the exclusive remedy for a bankruptcy trustee standing in the shoes of a public
 hospital corporation against the employees or directors of that public corporation?
 

 2) If the answer to the foregoing question is affirmative, does the MTCA permit the trustee to pursue any of the claims identified in his complaint against the officers and directors of NRMC in their personal capacity?
 

 Lefoldt v. Rentfro
 
 ,
 
 853 F.3d 750
 
 , 754 (5th Cir. 2017). Pursuant to Mississippi Rule of Appellate Procedure 20(a), we answer the first question in the negative.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. The Fifth Circuit provided a statement of the facts, which we recite,
 
 verbatim
 
 , below:
 

 Natchez Regional Medical Center ("NRMC") is a public, not-for-profit, community hospital owned by Adams County, Mississippi. In 2014, NRMC filed bankruptcy under Chapter 9 of the Bankruptcy Code, and a Trustee (Lefoldt) was appointed for the liquidation trust and given the right to pursue all claims or causes of action on behalf of NRMC.
 

 Appellant, the Trustee, sued the former directors and officers (collectively, "Officers") of NRMC, alleging that the Officers breached their fiduciary duty of care, loyalty, and good faith. The Trustee's claims against the Officers arise from the performance of their duties on behalf of NRMC. In his complaint the Trustee asserts that the defendants were grossly negligent or abdicated their responsibilities in failing to bill patients for services rendered, respond to federal audits, and properly oversee the credentialing of its doctors. Among other allegations, the Trustee contends that NRMC's Chief Financial Officer did not have the formal training or experience in regulatory matters necessary to serve as the hospital's CFO. As a result of the Officers' misfeasance, the Trustee states that the hospital lost millions of dollars in revenue.
 

 The Trustee seeks to recover damages for the benefit of NRMC's creditors. The parties do not dispute that: (1) NRMC qualifies as a "government entity" under the MTCA, (2) the defendants qualify as "employees" of NRMC, and (3) the "acts or omissions" complained of occurred within the course and scope of the defendants' employment with NRMC.
 

 The Officers moved to dismiss, arguing that they are immune from liability under the Mississippi Tort Claims Act ("MTCA"),
 
 Miss. Code Ann. § 11-46-1
 
 ,
 
 et seq.
 
 The district court granted the motion to dismiss, determining that the plain language of the MTCA bars the Trustee's claims against the Officers....
 

 Lefoldt
 
 , at 752.
 

 ¶ 3. The Fifth Circuit observed that this Court has not resolved "whether the MTCA bars a governmental entity from suing its own employees."
 

 Id.
 

 at 753
 
 . Accordingly, the Fifth Circuit asks this Court "to determine whether the MTCA ties the hands of the sovereign from pursuing claims against its servants."
 
 Id
 
 .
 

 DISCUSSION
 

 Whether the MTCA provides the exclusive remedy for a public hospital's bankruptcy trustee who, on behalf of the public hospital, sued former officers and directors of that public hospital.
 

 ¶ 4. A careful reading of our laws reveals that a case such as presented today was not contemplated by the MTCA. The purpose of the MTCA is to protect public entities from being sued for the acts of
 their servants. It is perfectly clear that the Act does not refer to claims "by" the sovereign. Its application comes about only as to claims "against" the sovereign. Looking at its plain language, "claim" is defined as "any demand to recover damages
 
 from
 
 a governmental entity as compensation for injuries."
 
 Miss. Code Ann. § 11-46-1
 
 (Rev. 2012) (emphasis added). "Claimant" is defined as "any
 
 person
 
 seeking compensation under the provisions of this chapter, whether by administrative remedy or through the courts."
 

 Id.
 

 (emphasis added). NRMC is a governmental entity, not seeking compensation under the provisions of the Act. The Act does not apply to actions by a governmental entity.
 

 ¶ 5. Furthermore, Section 11-46-11 provides for a one-year statute of limitations for all claims brought under the Act. However, the State or any subdivision is not subject to any civil statute of limitations.
 
 See
 
 Miss. Const. art. 4, § 104.
 
 [1]
 
 A statute of limitations, which extinguishes a claim, is totally inconsistent with the Constitutional provision prohibiting the extinguishment of any civil claim by the State. Reading the Act and the Constitution harmoniously together makes it quite evident that the State is not constrained from pursuing a civil action.
 

 CONCLUSION
 

 ¶ 6. A plain reading of the Constitution and the statute lead us to the inescapable conclusion that a suit such as this was not contemplated by the Act. The MTCA does not bind the hands of the sovereign from pursuing any civil claim.
 

 ¶ 7.
 
 CERTIFIED QUESTION ANSWERED.
 

 WALLER, C.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.
 

 Section 104. Statutes of limitation not to run against State and political subdivisions
 

 Statutes of limitation in civil causes shall not run against the State, or any subdivision or municipal corporation thereof.
 

 Miss. Const. art. 4, § 104.