# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2024

Lyle W. Cayce
Clerk

_____

No. 23-60199

_____

Mark Johnson,

                                          *Plaintiff—Appellant*,

*versus*

George Miller, Sr., *individual capacity*; Donald Mitchell, *individual capacity*; Clarksdale Public Utilities Commission,

                                          *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:21-CV-120

_____

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

This case concerns the procedural interplay between two Mississippi statutes—the Mississippi Tort Claims Act (MTCA) and the Mississippi Whistleblower Protection Act (MWPA).

Long story short, Mark Johnson filed a retaliation complaint under the MWPA, alleging that he was fired from his position as general manager of the Clarksdale Public Utilities Authority (CPU) for reporting inefficiency and incompetence. Johnson later added claims for First Amendment retaliation and breach of contract.

No. 23-60199

The district court held that the procedural requirements of the MTCA applied to Johnson's MWPA claim, and because the court concluded he didn't comply with them, it dismissed his claim. We are unable to make a reliable *Erie* guess as to whether the MTCA's procedural requirements apply to MWPA claims because we lack clear guidance from Mississippi courts on how the two statutes interrelate. We must resolve that threshold question before we can reach three others: (1) whether Johnson's original complaint was timely filed; (2) whether he complied with the MTCA's procedural requirements (if they apply); and (3) whether his two later-added claims relate back to the original complaint. Therefore, we certify this question to the Supreme Court of Mississippi:

> When a plaintiff brings a claim against the government and its employees for tortious conduct under the MWPA, is that claim subject to the procedural requirements of the MTCA?

I

Mark Johnson sued the CPU and its members in diversity in federal court on September 22, 2021. His initial complaint was only three pages long. Johnson pleaded that he had been hired as the general manager of the CPU in June 2017, had witnessed "multiple acts of abuse of authority," had reported it to various government officials, and eventually was terminated on September 25, 2018 in retaliation for his reports to the state auditor under the pretext that he had wiretapped phones. The complaint did not have a section for causes of action but referenced the MWPA and retaliation. Johnson sought backpay, compensatory damages, attorney fees, reinstatement, and civil fines from CPU board members. Defendants moved to dismiss the complaint for failure to state a claim.

Johnson later amended his complaint. There, he clearly specified two causes of action—First Amendment retaliation and MWPA retaliation.

Shortly after, Johnson moved to amend a second time. The magistrate judge granted his motion, and Johnson added new facts and greater detail, corrected the name of a defendant, named two new defendants, and added a claim for breach of contract.

Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The district court granted the motion in full. As to the MWPA retaliation claim, the district court held that the MTCA, which contains notice requirements and a one-year statute of limitations, applies to the claim. Because the district court determined that Johnson did not comply with these requirements, it dismissed his MWPA retaliation claim as time-barred and for failure to provide notice. The district court also concluded that Johnson's First Amendment retaliation and breach-of-contract claims were time-barred because the three-year statute of limitations for these claims ran on September 25, 2021, after Johnson filed his first complaint but before he amended to add these claims—and neither claim relates back.

Johnson appealed.

## II

"We review a district court's ruling on a Rule 12(c) motion for judgment on the pleadings *de novo*."[1] The standard for dismissal "is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."[2] "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[1] *Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010).

[2] *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

No. 23-60199

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3]

## III

The MTCA is "a comprehensive tort claims act that provides for a limited waiver of sovereign immunity."[4] It waives sovereign immunity for "the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment."[5] The Mississippi Supreme Court has stated that the MTCA "provides the exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit."[6]

Most pertinent here, the MTCA "sets forth procedures a claimant must follow in order to assert a claim against a government entity."[7] It requires plaintiffs first to exhaust procedures within the governmental entity and then to provide notice to that entity's chief executive officer at least 90 days before filing suit.[8] It also sets the statute of limitations at "one (1) year

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Lefoldt for Natchez Reg'l Med. Ctr. Liquidation Tr. v. Rentfro*, 853 F.3d 750, 753 (5th Cir. 2017) (citing *Jackson v. Daley*, 739 So. 2d 1031, 1040 (Miss. 1999)), *certified question answered sub nom.*, *Lefoldt v. Rentfro*, 241 So. 3d 565 (Miss. 2017).

[5] Miss. Code Ann. § 11-46-5(1).

[6] *Horton ex rel. Est. of Erves v. City of Vicksburg*, 268 So. 3d 504, 508 (Miss. 2018) (quoting *Stewart ex rel. Womack v. City of Jackson*, 804 So. 2d 1041, 1046 (Miss. 2002)).

[7] *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 818 (Miss. 2006).

[8] Miss. Code Ann. § 11-46-11(1)–(2).

next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after."[9]

The other statute relevant here, the MWPA, prohibits state agencies from dismissing or adversely affecting the compensation or employment status of whistleblowers and provides remedies to whistleblowers who are subject to "workplace reprisal or retaliatory action."[10] Unlike the MTCA, the MWPA does not contain a notice requirement or a statute of limitations.

The parties dispute whether Johnson's MWPA claim, the only claim in his original complaint, was subject to the MTCA's procedural requirements. If the MTCA's procedural requirements were applicable, Johnson conceded at oral argument that he did not comply with the MTCA's notice requirement. If Johnson *did* need to comply with the MTCA to bring his MWPA claim and failed to do so, his original complaint was untimely.

Defendants contend that the MTCA applies to the MWPA. In support of their argument, they point to its broad application—the MTCA makes Defendants "immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract."[11] They also argue that it only provides a limited immunity waiver "from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting

---

[9] *Id.* § 11-46-11(3)(a).

[10] *Id.* § 25-9-173(1)–(2).

[11] *Id.* § 11-46-3(1). Defendants highlight that "law" has a far-reaching meaning—it encompasses "all species of law, including, but not limited to, any and all constitutions, statutes, case law, common law, customary law, court order, court rule, court decision, court opinion, court judgment or mandate, administrative rule or regulation, executive order, or principle or rule of equity." *Id.* § 11-46-1(k).

within the course and scope of their employment."[12] Finally, they emphasize that the MTCA states that "[t]he remedy provided by this chapter against a governmental entity or its employee is *exclusive* of any other civil action or civil proceeding."[13] Based on these features, Defendants reason that a MWPA plaintiff must comply with the MTCA procedural requirements in order to pursue a claim against a governmental entity and its employee.

Johnson counters that the MWPA is "an additional and separate right to monetary relief against the government over and above all rights in other laws, including the MTCA." He argues that this is so because the MWPA is a distinct cause of action; it is the more specific statute; it specifically incorporates one part of the MTCA, so it excludes the remainder; it is in irreconcilable conflict with the MTCA; and the MTCA doesn't apply to later-passed, specific statutory claims like the MWPA. As to the nature of the conflict between the two statutes, Johnson argues that because the MTCA provides discretionary function immunity, it would foreclose all wrongful termination claims under the MWPA because the decision to fire an employee is discretionary, even if the discretion has been abused.[14] Because of the MWPA's characteristics and its alleged conflict with the MTCA, Johnson asserts that a MWPA plaintiff does not have to abide by the MTCA procedural requirements to pursue a claim against a governmental entity and its employees.

The applicability of the MTCA to the MWPA is not a question that Mississippi courts have addressed. There is little caselaw on the MWPA—

---

[12] *Id.* § 11-46-5(1).

[13] *Id.* § 11-46-7(1) (emphasis added).

[14] *See id.* § 11-46-9(1)(d); *Hall v. Natchez-Adams Cnty. Airport Comm'n*, 532 F. Supp. 3d 355, 368–69 (S.D. Miss 2021).

No. 23-60199

most of the cases were decided by federal courts and concern whether an element of a MWPA claim has been satisfied,[15] and none addresses the procedural interplay between the MWPA and the MTCA. Johnson suggests that we certify the question to the Supreme Court of Mississippi, and Defendants represented at oral argument that they are not opposed to certification.

"While certification 'is not a panacea for resolution of . . . complex or difficult state law questions,' it 'may be advisable where important state interests are at stake and the state courts have not provided clear guidance on how to proceed.'"[16] In fact, "federal-to-state certification is prudent when consequential state-law ground is to be plowed, such as defining and delimiting state causes of action. State judiciaries, after all, are partners in our shared duty 'to say what the law is'—equal partners, not junior partners."[17]

---

[15] *See, e.g.*, *Rushing v. Miss. Dep't of Child Prot. Servs.*, 2022 WL 873835, *6 (5th Cir. 2022) (affirming the grant of summary judgment because the plaintiff did not qualify as a whistleblower because she did not provide information to a standing committee of the Legislature); *Hall*, 532 F. Supp. 3d at 370 (permitting the claim to go forward because the plaintiff qualified as a whistleblower under the statute); *Usher v. G.A. Carmichael Fam. Health Ctr.*, 2018 WL 4008017, *3 (S.D. Miss. 2018) (granting summary judgment in part because the plaintiff did not qualify as a whistleblower because he was not a public employee); *Bryant v. Miss. Mil. Dep't*, 519 F. Supp. 2d 622, 626–27 (S.D. Miss. 2007) (granting summary judgment because the plaintiff had failed to assert action by a state agency and the plaintiff offered no response to the defendants' arguments), *aff'd on other grounds*, 597 F.3d 678 (2010). *See also Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 987 (Miss. 2004) (determining that the plaintiff was not a whistleblower because she did not make a report to a state investigative body).

[16] *McMillan v. Amazon.com, Inc.*, 983 F.3d 194, 202 (5th Cir. 2020) (quoting *In re Katrina Canal Breaches Litig.*, 613 F.3d 504, 509 (5th Cir. 2010), *certification question accepted*, 51 So. 3d 1 (Oct. 29, 2010), *certification question answered*, 63 So. 3d 955 (La. 2011)).

[17] *Id.* (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803)).

We consider three factors when deciding whether to certify a question:

> (1) the closeness of the question and the existence of sufficient sources of state law; (2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and (3) practical limitations of the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.[18]

All three factors favor certification here. We lack state-court guidance on how the MTCA and MWPA interact, and we have only a few decisions that interpret the MWPA at all. An *Erie* guess in these circumstances would be a leap into the dark. Comity interests also favor certification. If the MTCA applies to the MWPA, whistleblowers will be required to seek relief according to the procedures set out by the MTCA, and this may affect their ability to pursue their claims. "Speculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication is particularly gratuitous when . . . the state courts stand willing to address questions of state law on certification from a federal court."[19] And finally, we are unaware of any practical limitations to certification.

Whether the MTCA applies to the MWPA claim must be resolved before we can determine whether there was a timely filed claim in the initial complaint. Only then can we address whether the First Amendment retaliation and breach-of-contract claims relate back.

---

[18] *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 332 (5th Cir. 2018) (quoting *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 522 (5th Cir. 2015)).

[19] *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 79 (1997) (quoting *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 510 (1985) (O'Connor, J., concurring)).

No. 23-60199

IV

We certify[20] the following question of state law to the Supreme Court of Mississippi:

> When a plaintiff brings a claim against the government and its employees for tortious conduct under the MWPA, is that claim subject to the procedural requirements of the MTCA?

We disclaim any intention or desire that the Court confine its reply to the precise form or scope of the question certified.

QUESTION CERTIFIED.

---

[20] *See* Miss. Rule of Appellate Procedure 20(a) ("When it shall appear to the Supreme Court of the United States or to any United States Court of Appeals that there may be involved in any proceeding before it questions or propositions of law of this state which are determinative of all or part of that cause and there are no clear controlling precedents in the decisions of the Mississippi Supreme Court, the federal court may certify such questions or propositions of law of this state to the Mississippi Supreme Court for rendition of a written opinion concerning such questions or propositions of Mississippi law. The Supreme Court may, in its discretion, decline to answer the questions certified to it.").