# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2025

Lyle W. Cayce
Clerk

No. 23-60199

Mark Johnson,

*Plaintiff—Appellant*,

*versus*

George Miller, Sr., *individual capacity*; Donald Mitchell, *individual capacity*; Clarksdale Public Utilities Commission,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:21-CV-120

_____

Before Elrod, *Chief Judge*, and Willett and Duncan, *Circuit Judges*.
Don R. Willett, *Circuit Judge*:

Mark Johnson alleges he was fired from the Clarksdale Public Utilities Authority (CPU) for reporting inefficiency and incompetence. Johnson sued CPU for retaliation under the Mississippi Whistleblowers Protection Act (MWPA). He later amended his complaint to include a First Amendment retaliation claim, then amended a second time to add a breach-of-contract claim. The district court dismissed everything, holding (1) the First Amendment retaliation and breach-of-contracts claims were time-barred, and (2) his MWPA claim failed to comply with the procedural requirements

No. 23-60199

of the Mississippi Tort Claims Act (MTCA). We certified a question to the Mississippi Supreme Court asking whether the MTCA's procedural requirements apply to MWPA claims.[1] That Court answered no, and with the benefit of that definitive guidance, we now resolve two remaining questions: (1) whether Johnson's original complaint was timely filed and met any relevant procedural requirements; and (2) whether Johnson's two later-added claims relate back to his original complaint.

I

Mark Johnson served as general manager of CPU beginning in June 2017. During his tenure, he says he witnessed "multiple acts of abuse of authority" that he reported to various government officials. CPU terminated on Johnson on September 25, 2018, for allegedly wiretapping phones. He insists the true reason for his firing was retaliation for his report to the state auditor. Johnson sued CPU and its board members in federal court on September 22, 2021. His three-page complaint referenced the Mississippi Whistleblower Protection Act and retaliation. Johnson sought backpay, compensatory damages, attorney fees, and reinstatement from CPU, and civil fines from the individual CPU board members.

Defendants moved to dismiss for failure to state a claim. In response, Johnson twice amended his complaint to add two causes of action—First Amendment retaliation and breach of contract. Johnson also added new facts, corrected the name of a defendant, and removed two defendants.

Defendants moved for judgment on the pleadings, and the district court granted the motion in full. As to the MWPA retaliation claim, the district court held that the MTCA, which contains notice requirements and

---

[1] *Johnson v. Miller*, 98 F.4th 580, 582 (5th Cir. 2024).

No. 23-60199

a one-year statute of limitations, applied to the claim. The district court dismissed his MWPA retaliation claim as time-barred and for failing to meet the notice requirements. The district court also concluded that Johnson's later-added First Amendment retaliation and breach-of-contract claims were time-barred because the three-year statute of limitations for each of these claims ran on September 25, 2021, and neither claim related back.

Johnson appealed. Because we lacked clear guidance from the Mississippi courts on the interrelation between the MTCA and MWPA, we certified the following question to the Supreme Court of Mississippi:

> When a plaintiff brings a claim against the government and its employees for tortious conduct under the MWPA, is that claim subject to the procedural requirements of the MTCA?[2]

The Court answered that it is not.[3] Because the "MWPA is a remedial statute [] separate from the MTCA," "a MWPA claim is not subject to the MTCA's statute of limitations and notice requirements."[4] The MWPA itself does not specify a notice requirement.[5] And because the MWPA does not contain its own statute of limitations requirement, the three-year statute of limitations prescribed by Mississippi Code § 15-1-49(1) applies.[6] Accordingly, Johnson had three years after the cause of action accrued to bring suit under the MWPA.

We now return to the two questions remaining in Johnson's appeal: (1) whether Johnson's original complaint was timely filed and met any

---

[2] *Johnson v. Miller*, 98 F.4th 580, 582 (5th Cir. 2024).

[3] *Johnson v. Miller*, ___ So.3d. ___, 2024 WL 4847841, *1 (Miss. Nov. 21, 2024).

[4] *Id.* at *3–4.

[5] *Id.* at *4.

[6] *Id.*

3

No. 23-60199

relevant procedural requirements; and (2) whether his two later-added claims relate back to the original complaint.

## II

"We review a district court's ruling on a Rule 12(c) motion for judgment on the pleadings *de novo*."[7] The standard for dismissal "is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]

## III

Johnson's original complaint was timely filed.

The Mississippi Supreme Court has instructed us that the statute of limitations in Mississippi Code § 15-1-49(1) applies to Johnson's MWPA claim, not the one-year statute of limitations under the MTCA.[10] And under § 15-1-49(1), Johnson had three years after his cause of action accrued to file a claim. Johnson was fired on September 25, 2018. He sued CPU and its members on September 22, 2021—three days shy of the three-year date. We thus REVERSE the district court and conclude that Johnson's original complaint was timely filed.

Johnson's original complaint also complied with relevant procedural requirements. The Mississippi Supreme Court instructed that the notice

---

[7] *Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010).

[8] *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Johnson*, 2024 WL 4847841 at *4.

4

No. 23-60199

requirements in the MTCA do not apply to Johnson's MWPA claim, and the MWPA itself does not specify a notice requirement.[11] We therefore also REVERSE the district court's holding that Johnson's MWPA claim was barred by the MTCA's notice requirements.

## IV

Finally, we address whether Johnson's two later-added claims—the First Amendment retaliation claim and breach-of-contract claim—relate back to the original complaint.

"[W]hen an amended pleading 'relates back' to the date of a timely filed original pleading," it is "thus itself timely even though it was filed outside an applicable statute of limitations."[12] "[A]n amended complaint relates back to the date of the original pleading when 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.'"[13] Relation back is typically allowed "if a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in the prior complaint."[14] However, "notice is the critical element involved"[15] in

---

[11] *Id.* at *3–4.

[12] *Krupski v. Costa Crociere S.P.A.*, 560 U.S. 538, 541 (2010).

[13] *Ryan v. Phillips 66*, 838 F. App'x 832, 835 (5th Cir. 2020) (quoting Fed. R. Civ. P. 15(c)(1)(B)); *see also FDIC. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (quoting 6A Charles Alan Wright, et al., Federal Practice and Procedure: Civil 2d § 1496, at 64 (1990)).

[14] *Conner*, 20 F.3d at 1386.

[15] *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968) (citations omitted).

relation-back determinations; we must ask whether the opposing party was put on notice of the new claim.[16]

## A

In his original complaint, Johnson pleaded that he had been hired to be general manager of CPU and once he started his job, he observed "multiple acts of abuse or authority and/or substantial abuse, misuse, destruction, waste or loss of public funds or public resources." He says he reported that information to the mayor and city commissioners, and the commissioners authorized him to send the information to the state auditor and the attorney general. After Johnson advised CPU of his actions, the CPU board called an emergency meeting and suspended him "on the pretext that he and other employees had been involved in wiretapping telephone lines in the CPU offices." A few months later, the CPU board terminated him. Johnson maintains that he "file[d] this suit under the Mississippi Whistleblower statute Miss. Code § 25-9-175, against the defendants for their suspension and termination of him in retaliation for his providing information to the State Auditor and the Attorney General."

Johnson amended his complaint twice. In the first amended complaint, filed January 25, 2022, Johnson added that he reported his observations of CPU's misconduct to members of the media, and that he was

---

[16] *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985) (citing *Woods Expl. & Producing Co. v. Aluminum Co. of America*, 438 F.2d 1286, 1299 (5th Cir. 1971), *cert. denied*, 404 U.S. 1047 (1972)).Wright and Miller propose the "better approach is to determine whether the adverse party, viewed as a reasonably prudent person, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1497 (3d ed. 2023) (citations omitted).

No. 23-60199

fired in retaliation for these additional reports. Accordingly, he added a First Amendment retaliation claim to the complaint. In his second amended complaint, filed April 12, 2022, Johnson pleaded that he was in a contractual relationship with CPU and added a breach-of-contract claim. In total, Johnson specified three causes of action—Mississippi Whistleblower Protection Act retaliation, First Amendment retaliation, and breach of contract.

B

We first address the timeliness of Johnson's First Amendment claim.

"Courts considering claims under § 1983 must borrow the relevant state's statute of limitations for personal injury actions."[17] Under Mississippi law, the limitations period is three years.[18]

Johnson was terminated on September 25, 2018. Accordingly, he was required to bring his First Amendment claim by September 25, 2021. However, he did not assert a First Amendment claim until January 25, 2022, over three years later, when he first amended his complaint. Although the claim appears time-barred, Johnson argues that the claim should be allowed because it relates back to his original, timely MWPA claim, filed on September 22, 2021. We agree.

The district court concluded that the original complaint did not put Defendants on notice of a First Amendment retaliation claim because the second amended complaint added new facts: additional city officials Johnson contacted and reporting his concerns to the media.

---

[17] *Stringer v. Town of Jonesboro*, 986 F.3d 502, 508 (5th Cir. 2021) (citing *Redburn v. City of Victoria*, 898 F.3d 486, 496 (5th Cir. 2018)).

[18] MISS. CODE ANN. § 15-1-49.

7

No. 23-60199

On appeal, Johnson makes two arguments: (1) his First Amendment retaliation claim relates back because the new information in the second amended complaint "is not so new or different that it does not relate back," and (2) the facts in his original complaint support his First Amendment retaliation claim.

1

Johnson first argues that "the media contact is not so new or different that it does not relate back," as it concerns Johnson sharing the same information that he shared with the city officials, and the "rage and retaliation of the employer for sharing this information publicly was the same." He further contends that "[a]n amendment can still relate back even if it brings new legal theories or expands and modifies the facts, provided the 'core' facts are in common."

This argument is unpersuasive. The Supreme Court has held that a new claim relates back if "[b]oth of [the claims] relate[] to the same general conduct, transaction and occurrence which involved the [injury]."[19] Essentially, where both claims arise from "one episode-in-suit," the new claim can relate back.[20] In contrast, where the new claim "target[s] separate episodes," the claim does not relate back.[21]

Johnson reported his concerns to the mayor, city attorney, and city commissioner in early July 2018. It was on July 4, 2018, that he *separately* contacted members of the media to report his concerns. Johnson does not plead that he reported his concerns to all these individuals at the same time

_____

[19] *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 581 (1945).

[20] *Mayle v. Felix*, 545 U.S. 644, 660 (2005).

[21] *Id.*

8

and in the same place. Thus, there were two episodes—two separate instances of contact by Johnson. So long as the media contacts are necessary to have stated a claim for First Amendment retaliation, Johnson's claim should not be found to relate back.

2

However, the media contacts were not necessary to state a First Amendment retaliation claim. We agree with Johnson that the "same facts" pleaded in the original complaint "also state a claim under the First Amendment." In order to state a claim for First Amendment retaliation, Johnson must plead that: "(1) he suffered an adverse employment action; (2) he spoke as a citizen on a matter of public concern; (3) his interest in the speech outweighs the government's interest in the efficient provision of public services; and (4) the speech precipitated the adverse employment action."[22]

Johnson has pleaded that he suffered an adverse employment action, as he was terminated from his position as general manager of CPU. Therefore, we need only address the second, third, and fourth prongs.

As to the second prong, the district court found that Johnson's original complaint did not allege speech that involved a matter of public concern. For speech of a public employee to be on a matter of public concern "the employee must speak in his capacity as a citizen, not employee."[23] The district court acknowledged that the original complaint sufficiently alleged that "Johnson did speak of CPU's alleged misconduct as a citizen," not an employee, because he reported his concerns to his own employer (the CPU

---

[22] *Wilson v. Tregre*, 787 F.3d 322, 325 (5th Cir. 2015) (quotation omitted).

[23] *Gibson v. Kilpatrick*, 838 F.3d 476, 481 (5th Cir. 2016).

No. 23-60199

Board) *and* "individuals outside the workplace," such as the state auditor and attorney general.[24]

However, the district court concluded that the speech alleged in the original complaint was not a matter of public concern because, without the facts alleging his contacts with the media, the speech was not "relate[d] to any matter of political, social, or other concern to the community" or "the subject of legitimate news interest."[25]

On appeal, Johnson argues that his speech was of "public concern" even without his communication to the media. He points to *Charles v. Grief*, which states "[i]t is well established . . . that speech relating to *official misconduct* . . . almost always involves matters of public concern."[26] Indeed, we have held that "[t]here is perhaps no subset of matters of public concern more important than bringing official misconduct to light."[27] We have also specifically said "that speech made in the role as employee is of public concern" when it "involve[s] the report of corruption or wrongdoing to higher authorities."[28]

_____

[24] *Johnson v. Clarksdale Pub. Utilities Comm'n*, No. 4:21-CV-120, 2023 WL 2598690, *5 (N.D. Miss. Mar. 22, 2023) (citing *Gibson*, 838 F.3d at 481; *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008)). *See also Davis*, 518 F.3d at 313 ("If however a public employee takes his job concerns to persons outside the work place in addition to raising them up the chain of command at his workplace, then those external communications are ordinarily not made as an employee, but as a citizen.").

[25] *Johnson*, 2023 WL 2598690 at *5 (quoting *Snyder v. Phelps*, 562 U.S. 443, 453 (2011)).

[26] *Charles v. Grief*, 522 F.3d 508, 514 (5th Cir. 2008) (collecting cases) (emphasis added).

[27] *Wallace v. Cnty. of Comal*, 400 F.3d 284, 289 (5th Cir. 2005) (quoting *Davis v. Ector Cnty., Tex.*, 40 F.3d 777, 782 (5th Cir. 1994)).

[28] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1051 (5th Cir. 1996). "We have recognized that public employees may speak in their role as employees yet still speak on

No. 23-60199

Johnson's original complaint pleaded that his speech was of public concern because it related to official misconduct. He alleged that he "observed multiple acts of abuse of authority and/or substantial abuse, misuse, destruction, waste or loss of public funds or public resources" while he served as general manager of CPU and that he reported this to various city officials. Under our precedent, Johnson's original complaint sufficiently pleaded facts to show he was speaking on a matter of public concern.

Turning to the third prong, to determine whether Johnson's speech outweighs Defendants' interest in the efficient provision of public services, we examine "whether the speech was likely to generate controversy and disruption, impede[] the [] general performance and operation, and affect[] working relationships necessary to the department's proper functioning."[29] Nothing in the complaint indicates that Johnson's speech would generate controversy and disruption to the extent of impeding CPU's functioning. Nor do Defendants argue that Johnson's speech impeded their operations. The allegations in the original complaint are thus sufficient as to this prong.

As to the final prong, Johnson's original complaint asserts that his speech precipitated his termination because CPU fired him under the pretext that he wiretapped phones to divert focus from the issues that the state auditor would investigate and in retaliation for providing information to the state auditor and attorney general. Because Johnson claims that he was fired for providing information to the state auditor and attorney general, he

---

matters of public concern in limited instances." *Id.* at 1050. In "limited cases," speech made by an employee *as an employee* is of public concern—like "the report of corruption or wrongdoing to higher authorities." *Id.* (citing *Wilson v. UT Health Center*, 973 F.2d 1263, 1269–70 (5th Cir.1992), and *Brown v. Texas A & M Univ.*, 804 F.2d 327, 329–30, 336–38 (5th Cir.1986)).

[29] *Harris v. Victoria Indep. Sch. Dist.*, 168 F.3d 216, 223 (5th Cir. 1999).

pleaded facts that support that his speech precipitated the adverse employment action.

Because Johnson's original complaint contains facts that support each prong required for a First Amendment retaliation claim, the Defendants were on notice that a First Amendment retaliation claim *could* be brought based on the original filing. The media contacts alleged in Johnson's amended complaints are not essential to a First Amendment retaliation claim. They simply "amplify the facts alleged in the prior complaint."[30] Thus, we conclude that the First Amendment retaliation claim relates back to Johnson's original complaint.

## C

We next consider the timeliness of Johnson's breach-of-contract claim.

The statute of limitations for breach of contract in Mississippi is also three years.[31] Johnson was terminated on September 25, 2018. Accordingly, he was required to bring his breach-of-contract claim by September 25, 2021. However, he did not assert it until April 12, 2022, when he amended his complaint for the second time. Although the claim appears time-barred, Johnson argues that the claim should be allowed because it relates back to his original, timely MWPA claim, filed on September 22, 2021. We disagree.

Under Mississippi law, a "breach-of-contract case has two elements: (1) the existence of a valid and binding contract, and (2) a showing that the

--- 

[30] *Conner*, 20 F.3d at 1386.

[31] Miss. Code Ann. § 15-1-49.

defendant has broken, or breached it."[32] The district court concluded that the breach-of-contract claim did not relate back because Johnson's original complaint "[did] not allege any facts that Mr. Johnson and CPU had a valid and binding contract that CPU breached," and the second amended complaint "alleges new, distinct facts, including that his employment offer letter was a valid contract and CPU breached by terminating him with failure to establish good cause."

Johnson argues on appeal that his original complaint contained sufficient facts to provide notice to Defendants of a breach-of-contract claim because a federal district court has held that, under Mississippi law, an "employment relationship is by nature a contractual relationship," and he originally pleaded that he had an employment relationship with CPU.[33]

However, Johnson omits a key portion of that district court decision, which specified that "[a]n *at-will* employment relationship is by a nature a contractual relationship."[34] Johnson's original complaint did not allege an at-will employment relationship. All Johnson pleaded in his original complaint was that he "was hired by the defendants on June 19, 2017, to be the general manager" and that he was suspended and then later terminated. Johnson did not plead what type of employment relationship they had or that any contract was breached. Nothing about the contents of his contract was present in his original complaint, nor did he plead any facts about which provisions of said contract were violated. When a new legal theory is "unsupported by factual

---

[32] *Maness v. K & A Enters. of Miss., LLC*, 250 So.3d 402, 414 (Miss. 2018) (quotations omitted).

[33] *See Howard v. Robinson Prop. Group, LLC*, No. 3:20-CV-142, 2020 WL 14010724, *8 (N.D. Miss., Dec. 2, 2020).

[34] *Id.* (emphasis added).

claims raised in the original complaint," it does not relate back.[35] A "reasonably prudent person" could not have anticipated "that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction or occurrence set forth in the original pleading might be called into question" such that a breach-of-contract claim could be added.[36] Thus, Johnson's breach-of-contract claim does not relate back to his original complaint.

V

The judgment of the district court is AFFIRMED IN PART and REVERSED IN PART. As to Johnson's MWPA claim and First Amendment retaliation claim, we REVERSE and REMAND for proceedings consistent with this opinion. As to Johnson's breach-of-contract claim, we AFFIRM.

---

[35] *McGregor v. La. State Univ. Bd. Of Supervisors*, 3 F.3d 850, 864 (5th Cir. 1993).

[36] WRIGHT & MILLER, *supra* note 11, at § 1497 (citations omitted).